**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.   3:08-cr-128-J-25MCR

ANNELL ROGERS JOHNS
_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's motion entitled "Wished Probation Waived, Lifted, and Reconsideration, Put Back on Workers Comp and Permission to Sue Workers Comp" (Doc. 47) filed March 29, 2010.

## I. BACKGROUND

On April 17, 2008, Defendant was indicted in a one count indictment for violation of 18 U.S.C. § 1920. (Doc. 1). On July 1, 2008, the parties negotiated a plea agreement under which Defendant would plead guilty to a lesser included misdemeanor charge and the United States would not to pursue additional charges against Defendant. (Doc. 30).

On July 1, 2008, a change of plea hearing took place in which Defendant was represented by counsel and admitted, under oath, that she fully discussed the case with her attorney, she committed the acts set forth in the charge, and that she had no complaints about her attorney. (Tr. 41-60). On November 3, 2008, Defendant was sentenced to a term of 2 years probation, payment of restitution in the amount of $1,102.83, substance abuse counseling and treatment, and mental health counseling and treatment. (Doc. 43).

On March 29, 2010, Defendant filed the instant Wished Probation Waived, Lifted, and Reconsideration, Put Back on Workers Comp and Permission to Sue Workers Comp. (Doc. 47). Essentially, Defendant requests that her probation be waived, the Court place her on workers compensation, and grant her the right to sue a federal agency. (Id.). On May 3, 2010, the United States filed its response in opposition to Defendant's Motion. (Doc. 51). Accordingly, this matter is now ripe for judicial review.

## II.     ANALYSIS

As an initial matter, Defendant is represented by counsel and can not be heard in this case in proper person. See Local Rule 2.03(d), Middle District of Florida ("Any party for whom a general appearance of counsel has been made shall not thereafter take any step or be heard in the case in proper person, absent prior leave of Court ... ").

Assuming *arguendo* that Defendant may be heard in proper person, Defendant's requests are still due to be denied. On July 1, 2008, Defendant attended a change of plea hearing in which she plead guilty and admitted, under oath, that she fully discussed the case with her attorney, she committed the acts set forth in the charge, and that she had no complaints about her attorney. (Tr. 41-60). Then, on November 3, 2008, Defendant was sentenced. (Doc. 43). To the extent Defendant seeks to withdraw her plea of guilty, Defendant's request is denied. See Rule 11(e), Fed. R. Crim. P. ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."). To the extent Defendant is dissatisfied with her prior representation, the requests in the instant Motion are not the appropriate vehicle for relief.

With regard to Defendant's requests that her probation be waived, the Court place her on workers compensation, and grant her the right to sue a federal agency; these requests are due to be denied. According to the United States, Defendant's mental health treatment is ongoing. (Doc. 51, p. 3, ¶ 7). The Court can not discern, and the Defendant has not provided, any basis for this Court to allow early termination of her probation. Similarly, the Court finds no legal basis in which to place Defendant on workers compensation or grant her the right to sue a federal agency.

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's motion entitled "Wished Probation Waived, Lifted, and Reconsideration, Put Back on Workers Comp and Permission to Sue Workers Comp" (Doc. 47) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of May, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party